UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NELSON PARRA,

        Plaintiff,

-vs-                                      Case No. 6:08-cv-437-Orl-19GJK

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY;

DIRECTOR, UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES;

DIRECTOR, NEBRASKA SERVICE CENTER
OF UNITED STATES CITIZEN AND
IMMIGRATION SERVICES;

ATTORNEY GENERAL, UNITED STATES
DEPARTMENT OF JUSTICE,

        Defendants.
_____

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss and Memorandum of Law in Support by Defendants (Doc. No. 10, filed June 3, 2008);

2. Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Memorandum of Law in Support by Defendants (Doc. No. 12, filed July 1, 2008);

3. Response in Opposition to Defendants' Motion to Dismiss by Plaintiff (Doc. No. 15, filed July 21, 2008); and

4. Reply in Support of Their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Memorandum of Law in Support by Defendants (Doc. No. 17, filed July 31, 2008).

**Background**

Plaintiff Nelson Parra brought this action for declaratory and injunctive relief against the Secretary of the United States Department of Homeland Security, the Director of the United States Citizenship and Immigration Services, the Director of the Nebraska Service Center of the United States Citizenship and Immigration Services, and the Attorney General of the United States Department of Justice. (Doc. No. 1, filed Mar. 26, 2008.) He requests that the Court compel Defendants to reconsider his Form I-485 immigration application under the correct legal standard. (*Id.* at 3.)

According to the Complaint, Plaintiff is a native and citizen of Colombia who was granted asylum in the United States on February 19, 2003. (*Id.* at 3, 9.) He filed a Form I-485, Application to Register Residence or Adjust Status, with the United States Citizenship and Immigration Services ("USCIS") on approximately March 16, 2004. (*Id.* at 4, 25-28.) He sought an adjustment in his immigration status to that of lawful permanent resident under 8 U.S.C. § 1159 (2000) as a qualified beneficiary who was granted asylum and had been in such status for at least one year. (Doc. No. 1 at 4.) His wife and daughter filed similar applications for adjustments of status which were granted on November 1, 2006. (*Id.* at 4, 32.) Plaintiff's application, however, was denied on February 5, 2008 because Plaintiff purportedly provided material support to a terrorist organization.[1] (*Id.* at 1,

---

[1] The USCIS letter denying Plaintiff's application for adjustment of status stated in part: "The record shows that you willingly provided an AUC member with food, clothing, and you did
(continued...)

29-31.) Accordingly, "Plaintiff seeks to challenge the government's legal determination that he provided material support to a terrorist organization . . . . Plaintiff seeks the assistance of this Court to order Defendants to reopen said proceedings and to require Defendants to properly adjudicate the same." (*Id.* at 1-2.)

Defendants filed a Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacked subject matter jurisdiction over Plaintiff's action. (Doc. No. 10.) Defendants contend that the case is moot because USCIS reopened Plaintiff's adjustment of status application on May 19, 2008, after Plaintiff's Complaint was filed in this Court. (*Id.* at 2.) This reopening "occurred in accordance with a USCIS policy memorandum addressing review of prior denials of certain cases decided after December 26, 2007." (*Id.* at 2-3.) Defendants continue, "A new decision regarding Plaintiff's adjustment of status thus is forthcoming." (*Id.* at 3.) According to Defendants, because Plaintiff's requested relief has been granted, the case is moot. (*Id.* at 4-6.) Moreover, Defendants argue, the reopening of Plaintiff's application means that the denial of his application is not yet finalized. (*Id.* at 6-7.) Because there has been no final agency action by USCIS, Plaintiff' s claims concerning the denial of his application are not yet ripe. (*Id.*)

In response to the Motion to Dismiss, Plaintiff filed the First Amended Complaint. (Doc. No. 11, filed June 17, 2008.) Plaintiff recognized that USCIS had reopened his application for adjustment of status but stated that Defendants "have not yet made a decision and have provided no

---

[1] (...continued)
not call the police. . . . [T]he assistance you rendered was not because you were forced to do so but because you were voluntarily following your religious convictions as you would do for anyone who asked for assistance." (Doc. No. 1 at 30.) According to the letter, an injured AUC member had entered Plaintiff's church during a meeting and had requested food and clothing. (*Id.*) Because the AUC was designated by the United States Secretary of State as a terrorist organization, USCIS denied Plaintiff's application. (*Id.*)

reasonable assurance as to when a decision will be issued on his pending application for adjustment of status." (*Id.* at 1.) Therefore, Plaintiff asks the Court to exercise mandamus jurisdiction and "compel Defendants to adjudicate the Form I-485, Application to Register Permanent Residence or Adjust Status, which Plaintiff filed with Defendants on or about March 16, 2004." (*Id.* at 3, 5-6.)

Defendants filed a Motion to Dismiss the First Amended Complaint, or in the alternative, for Summary Judgment. (Doc. No. 12.) They argue that the Court lacks subject matter jurisdiction pursuant to Section 242(a)(2)(B)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii) (2006). (Doc. No. 12 at 1.) They also again contend that the case is not ripe for review. (*Id.*) In the alternative, they move for summary judgment because Plaintiff has failed to demonstrate that any delay in adjudicating his application is unreasonable. (*Id.* at 11.) Finally, Defendants ask the Court to dismiss the Attorney General as a Defendant "because the Amended Complaint fails to allege any wrongdoing on his behalf or any action over which he has the authority to grant the relief requested." (*Id.* at 1.)

Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss. (Doc. No. 15.) Plaintiff argued therein that mandamus jurisdiction is appropriate in this case, and genuine issues of material fact exist as to the reasonableness of the delay in adjudicating his application. (*Id.* at 3-17.) With the leave of the Court, Defendants filed a Reply in which they argued against Plaintiff's proposed interpretation of the law concerning the Court's mandamus jurisdiction and concerning judicial review of USCIS' pace in adjudicating Form I-485 adjustment of status applications. (Doc. No. 17.)

**Standard of Review**

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. In a factual challenge, a court must determine if it has power to hear the case. *Id.* A court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id.*

In factual challenges, as the Eleventh Circuit has explained, "matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). However, when a factual attack also implicates an element of the cause of action, jurisdictional dismissals should be allowed "only in those cases where the federal claim is clearly immaterial or insubstantial." *Id.* (quoting *Williamson*

*v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). Federal claims "should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." *Id.* at 1531.

**Analysis**

Defendants contend that the Court lacks subject matter jurisdiction over this case in part due to the jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(B)(ii). Both parties recognize that this Court has previously discussed this particular provision and its application to judicial review of the delay in adjudicating Form I-485 applications at length in *Ren v. Mueller*, No. 6:07-cv-790-Orl-19DAB, 2008 WL 191010 (M.D. Fla. Jan. 22, 2008). In *Ren*, this Court acknowledged that Section 1252(a)(2)(B)(ii) removed review of the ultimate adjustment decision from the jurisdiction of the courts. *Id.* at *4. However, the Court also recognized the split among courts as to whether this provision precluded review of the pace of adjudication. *Id.* The Court concluded that Section 1252(a)(2)(B)(ii) did <u>not</u> bar judicial review of the pace of adjudication. *Id.* at *6.

This Court next considered whether there was a statutory grant of jurisdiction to review the reasonableness of USCIS' delay in adjudicating an adjustment application. *Id.* The Court identified 28 U.S.C. § 1361 (2006) as one such statute which grants to federal district courts original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." As further clarified in the case law, mandamus jurisdiction exists if three elements are met: "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available." *Ren*, 2008 WL 191010, at *7 (quotation marks omitted) (quoting *Jones*

*v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)). Regarding the first factor, the Court found that if USCIS "has unreasonably delayed adjudication of [an] I-485 Application," then there exists "a clear right to relief" under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555(b), 706 (2006). *Ren*, 2008 WL 191010, at *9. The Court concluded under the second factor that USCIS "has a clear, non-discretionary duty to adjudicate applications for adjustment of alien status under its own regulations." *Id.* at *7. Finally, as to the third factor, the Court found that there were no adequate alternative remedies available for a plaintiff awaiting adjudication of his or her adjustment of status application. *Id.* at *9.

The critical factor in determining whether mandamus jurisdiction exists is the first factor, whether the plaintiff has a clear right to relief. When reviewing the pace of adjudication of adjustment of status applications, this inquiry hinges on the reasonableness of the delay in adjudication. This Court has recognized that USCIS has considerable discretion in its pace of adjudication. For instance, as the Court explained in *Ren*, one regulation applicable to USCIS, 8 C.F.R. § 103.2(b)(18), clearly extends this discretion to at least one year after the date of the application. *Ren*, 2008 WL 191010, at *8. The Court continued:

> This Court has previously interpreted [8 C.F.R. § 103.2(b)(18)] to find that there is no clear right to relief where an application had been pending for less than a year. *Gemini Realty, Inc.* [*v. Gonzalez*, No. 6:06-cv-786-Orl-19DAB], 2006 WL 2927562, at *3 [(M.D. Fla. Oct. 12, 2006)]. Thus, a delay of less than a year is not a violation of federal law, because agency action has not yet been unlawfully withheld or unreasonably delayed. *Id.* at *4 (citing 5 U.S.C. § 706).

*Id.* at *n.7. In addition, courts finding mandamus jurisdiction in this context generally have been presented with situations in which no action was taken on application for at least two years. *See id.* at *11 (citing cases). In *Ren*, for example, this Court declined to dismiss the plaintiff's case or grant

summary judgment to USCIS when there had been no action taken on the plaintiff's application for almost four (4) years. *Id.* at 11-12.

The instant case is distinguishable from *Ren.* To begin, the Court agrees with Defendants that the Court lacks subject matter jurisdiction over the action as set forth in the Original Complaint, (Doc. No. 1), because Plaintiff has since received the requested relief, that is, the reopening of his adjustment application. Thus, the first Motion to Dismiss, (Doc. No. 10), should be granted. Secondly, the current application has been reopened for less than one (1) year. According to the allegations of the two Complaints and the documents attached thereto, Plaintiff's Form I-485 application was submitted on March 16, 2004 and denied on February 5, 2008. (Doc. No. 1 at 1, 25-28; Doc. No. 11 at 1, 3-4.) After the instant case was filed, USCIS reopened the application. (Doc. No. 11 at 4.) Nevertheless, Plaintiff asserts:

> Defendants have provided no reasonable assurance as to when a decision will be issued on Plaintiff's pending application for adjustment of status. The application in question was pending for over four years before the government denied the same and there is no reason to believe that a decision will be forthcoming upon the government's reconsideration of the same.

(*Id.*) Despite this statement, Plaintiff has no statutory or regulatory right to reasonable assurance as to when his pending application for adjustment of status will be adjudicated. Moreover, because the application was denied and then reopened pursuant to subsequent immigration policy changes, the more logical starting point for determining the time taken to reconsider the denial of Plaintiff's application is the date that the application was reopened, May 19, 2008. Using this date as the starting date, the reconsideration of Plaintiff's application has only been pending for a short time, less than one (1) year. This is significantly less time than the delay found potentially unreasonable in *Ren*, is less than the one year discretionary period permitted by regulations, and is less than the

two year period that usually has elapsed before courts find the existence of mandamus jurisdiction. Therefore, the amount of time that the reconsideration of Plaintiff's application has been pending is not long enough to raise a genuine issue of material fact as to the reasonableness of the delay, and Plaintiff has not demonstrated a clear right to relief as required for the Court to assert mandamus jurisdiction. Accordingly, Defendants' second Motion to Dismiss, (Doc. No. 12), should be granted, and the Court need not reach the remainder of Defendants' arguments in support of dismissal or, in the alternative, summary judgment.

## Conclusion

Based on the foregoing, the Court **GRANTS** the Motion to Dismiss and Memorandum of Law in Support by Defendants (Doc. No. 10, filed June 3, 2008) and the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Memorandum of Law in Support by Defendants (Doc. No. 12, filed July 1, 2008). The case is dismissed without prejudice for lack of subject matter jurisdiction, and the Clerk of the Court is directed to close the case file.

**DONE** and **ORDERED** in Orlando, Florida on March 2 , 2009.

*[Signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record